United States District Court
Southern District of Texas
**ENTERED**
August 23, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MELINDA RUTLEDGE,                    §
BOP # 20199-480                      §
                                     §
            Petitioner,              §
                                     §
VS.                                  §      CIVIL ACTION NO. 4:22-3037
                                     §
WARDEN T. HAWKINS,                   §
                                     §
            Respondent               §

## MEMORANDUM OPINION AND ORDER

Melinda Rutledge, an inmate in the federal Bureau of Prisons (BOP), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. 1) and has paid the filing fee. Rutledge alleges that she has been denied time credits to her sentence that are authorized by the First Step Act. The respondent filed a motion for summary judgment (Dkt. 12) seeking dismissal on exhaustion grounds.  Rutledge filed a motion to apply credits following the First Step Act (Dkt. 8), a response to the respondent's motion (Dkt. 15), and an amended petition (Dkt. 16). After reviewing the pleadings, the briefing and exhibits, the applicable law, and all matters of record, the Court concludes that the respondent's motion for summary judgment should be **granted** and that Rutledge's claims should be **dismissed** without prejudice.  The Court's reasons are explained below.

## I.      BACKGROUND

On August 28, 2019, after a guilty plea, Rutledge was convicted of conspiracy to possess with intent to distribute 5 grams or more of methamphetamine (actual) and

sentenced to 135 months in the BOP, followed by a four-year term of supervised release. *See* Dkt. 12-1; *United States v. Rutledge*, Criminal Action No. 9:18-00037-002-MAC-ZJH (E.D. Tex. Aug. 28, 2019).  Currently, her projected release date is May 28, 2027.  *See* Inmate Locator, Bureau of Prisons, available at https://www.bop.gov/inmateloc/ (last visited Aug. 21, 2023). She is incarcerated at FPC-Bryan in this judicial district.

Rutledge claims that the BOP calculated her sentence incorrectly because officials have failed to award her credits she earned under the First Step Act of 2018.  She argues that her sentence should be reduced by 4,485 days. *i.e.*, approximately 147 months, and that she is being held "beyond the statutory point of [her] sentence" (Dkt. 1, at 2).  She presents a chart listing programs in which she has participated while incarcerated, claiming that these programs each earned her credit off her sentence (*id*. at 8-20).  She submits extensive argument on the operation of the First Step Act, discussing issues such as eligibility to earn credits, inmates' ability to earn credits by completing Evidence-Based Recidivism Reduction (EBRR) programs and Productive Activities (PA), whether all classes and activities at BOP count towards time credits, and the number of credits an inmate can earn (*id*. at 5-8; *see* Dkt. 2 (exhibits)).

Rutledge also has filed a motion to apply credits under the First Step Act (Dkt. 8), again requesting that she be credited 4,485 days against her sentence.  She attaches BOP printouts regarding her time credits, pointing out comments or calculations that she claims are in error.  *See, e.g.*, Dkt. 8, at 2 (stating that BOP officials erred when concluding that Rutledge had declined programming, among other errors).

The respondent, Warden Tonya Hawkins of FPC-Bryan, argues that Rutledge failed to exhaust her administrative remedies before filing her habeas petition on September 6, 2022 (Dkt. 12, at 3; *see id*. at 18-19 (setting out the BOP's four-step process for administrative remedies); Dkt. 12-1, at 5-12 (BOP Program Statement regarding Administrative Remedy Program)). The respondent submits a declaration from Alice Diaz-Hernandez, an associate warden at FPC-Bryan, who sets out details regarding Rutledge's requests for administrative relief (Dkt. 12-2). Diaz-Hernandez presents documentation reflecting that the warden's office received Rutledge's request for an administrative remedy (Administrative Remedy 1130645) on August 17, 2022, and that denied the request on September 1, 2022 (*id*. at 2; *id*. at 20-21). Rutledge then appealed to the South Central Regional Office, which denied her request on October 24, 2022 (*id*. at 2; *id*. at 26-27). As of December 16, 2022, when Diaz-Hernandez executed her declaration, Rutledge had not taken her final administrative appeal regarding Administrative Remedy 1130645 from the regional office to the Office of General Counsel (*id*. at 3).[1] Rutledge argues that the Court should permit her to proceed without first exhausting her remedies because administrative remedies are not "readily available" to inmates at FPC-Bryan (Dkt. 1, at 3-4).

---

[1] Additionally, on December 2, 2022, the warden's office received a separate request from Rutledge (Administrative Remedy 1143505) regarding her time credits. At the time Diaz-Hernandez executed her declaration, the warden's response to the request was not yet due (*id*. at 3; *id*. at 18).

The respondent also presents documentation showing that, as of December 21, 2022, Rutledge had earned 120 days of credit against her sentence and that her release date had been adjusted from May 28, 2028 to January 28, 2028 (Dkt. 12, at 3; Dkt. 12-3, at 3 (Declaration of Rita Siler, case management coordinator at FPC-Bryan)).

Rutledge's response, filed on March 20, 2023, states that as of January 19, 2023, she received 365 days of additional credit, adjusting her projected release date to May 28, 2027 (Dkt. 15, at 1). She continues to argue that BOP officials have erred in the calculation of her credits.

Rutledge filed a proposed amended petition on April 24, 2023, claiming that she should be credited 766 days rather than 365 days (Dkt. 16, at 1).

## II.  <u>LEGAL STANDARDS</u>

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Curtis v. Anthony,* 710 F.3d 587, 594 (5th Cir. 2013).  Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact.  *Hamilton v. Segue Software Inc*., 232 F.3d 473, 477 (5th Cir. 2000).  In deciding a summary judgment motion, the reviewing court must "construe all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (cleaned up).  However, the non-movant cannot avoid summary judgment simply by presenting "conclusional allegations

and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *Jones v. Lowndes Cnty.*, 678 F.3d 344, 348 (5th Cir. 2012) (cleaned up); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

Federal courts do not hold *pro se* habeas petitions "to the same stringent and rigorous standards as . . . pleadings filed by lawyers." *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) (cleaned up). However, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992). Even a *pro se* plaintiff must specifically refer to evidence in the summary judgment record in order to place that evidence properly before the court. *Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 217 & n.9 (5th Cir. 2016); *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014).

## III.   <u>ANALYSIS</u>

As a preliminary matter, Rutledge argues that summary judgment should be granted in her favor because the respondent failed to timely answer her petition (Dkt. 8, at 1). However, the Court granted the respondent leave to file an out of time response (Dkt. 11), and the respondent complied with the extended deadline. Rutledge's argument therefore lacks merit.

A prisoner must exhaust all available administrative remedies before challenging the calculation of her sentence in a federal petition. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012). In order to properly exhaust her remedies, an inmate must pursue all stages of the BOP's four-step administrative remedy procedure for inmate

complaints.  28 C.F.R. § 542.10-542.19; *see U.S. v. Setser*, 607 F.3d 128, 133 (5th Cir. 2010); *Huff v. Neal*, 555 F. App'x 289, 293 (5th Cir. 2014).  Exceptions to the exhaustion requirement are appropriate if administrative remedies are unavailable or "wholly inappropriate to the relief sought," or if "the attempt to exhaust such remedies would itself be a patently futile course of action."  *Gallegos-Hernandez*, 688 F.3d at 194 (cleaned up). However, exceptions apply "only in extraordinary circumstances," and the petitioner bears the burden to demonstrate futility. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (cleaned up); *see Davis v. McConnell*, No. 21-30091, 2021 WL 4467620, at *1 (5th Cir. Sept. 29, 2021).  Prisoners who continue to pursue administrative remedies after filing their federal petition have not satisfied the requirement to fairly present their claims in the administrative process before filing suit.  *Fuller*, 11 F.3d at 62; *Cartwright v. Outlaw*, 293 F. App'x 324 (5th Cir. 2008).

In this case, the respondent has presented a declaration from an associate warden at FPC-Bryan stating that Rutledge did not completely exhaust her administrative remedies before filing her petition (Dkt. 12-2, at 3).  Rutledge's filings do not dispute the point and, in fact, her proposed amended petition submits documents reflecting that the Office of General Counsel rendered the final administrative decision regarding Administrative Remedy 1130645 on March 6, 2023, long after she filed her petition in this case (Dkt. 16-1, at 5-6). She therefore fails to show a genuine issue of material fact as to exhaustion before suit.

Although Rutledge argues that administrative remedies were not readily available to inmates at FPC-Bryan, she does not present evidence that could meet her burden to show

that extraordinary circumstances were present or that seeking administrative review was futile. *See Fuller*, 11 F.3d at 62. To the contrary, her filings demonstrate that she was able to access and pursue the administrative remedy process to completion after filing her suit, thus showing that administrative review was not unavailable or futile. *See Cartwright*, 293 F. App'x 394, at *1.

The record reflects no genuine issue of material fact as to Rutledge's failure to exhaust her administrative remedies before filing this habeas action. The exhaustion requirement is mandatory. *Gallegos-Hernandez*, 688 F.3d at 194. Although some exceptions exist, Rutledge does not present evidence that any exception applies in her case. Her claims therefore must be dismissed without prejudice.

## IV.   <u>CONCLUSION</u>

For the reasons stated above the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment (Dkt. 12) is **GRANTED**.

2. The petition for a writ of habeas corpus (Dkt. 1) filed by Melinda Rutledge is **DISMISSED without prejudice** for failure to exhaust administrative remedies.

3. All other pending motions are **DENIED as moot**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____ August 22 _____, 2023.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE